IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAUL GRAHAM, #11862         :
    Plaintiff         :
                            :
v.                          :   CIVIL ACTION NO. CCB-05-1217
                            :
STATE OF MARYLAND JUDICIARY :
    SYSTEM                 :
STATE OF MARYLAND           :
HOWARD COUNTY HOSPITAL      :
CLIFTON T. PERKINS HOSPITAL :
    CENTER                 :
    Defendants        :

## MEMORANDUM

On May 3, 2005, Plaintiff, presently incarcerated at the Clifton T. Perkins Hospital Center in Jessup, filed the above-captioned action pursuant to 42 U.S.C. § 1983. Plaintiff claims that on April 17, 2005, an unnamed Howard County medic, summoned to transport him to the hospital after Plaintiff suffered a seizure, "tried to touch [his] brain with [a nasal] tube." Paper No. 1 at 4. He claims that as a result he continues to suffer pain in one nostril. *Id*. He seeks injunctive relief wherein he would be transferred to a federal prison and taken to the Johns Hopkins Hospital for cosmetic surgery to repair his nose. Because he appears to be indigent, Plaintiff will be granted leave to file *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a).

The complaint will be dismissed pursuant to this Court's authority under 28 U.S.C. § 1915(e), because it fails to state a cognizable civil rights violation. Plaintiff's claim against the unnamed medic appears to be based solely on a theory of medical malpractice, and not a failure to provide medical care under the Eighth Amendment. Furthermore, the named Defendants do not appear to be "persons" against whom liability may be imposed pursuant to the Civil Rights Act.

28 U.S.C. 1915(e) provides that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>
> (A)  the allegation of poverty is untrue; or
> (B)  the action or appeal --
>   (I)   is frivolous or malicious;
>   (ii)  fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

In addition, the PLRA added a new subsection (g) to § 1915 which mandates that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, once three such dismissals under § 1915(e) or Fed. R. Civ. P. 12(b)(6) have been accumulated, a prisoner will be barred thereafter from initiating further civil actions *in forma pauperis*, absent extraordinary circumstances.[1]  This dismissal constitutes Plaintiff's second "strike."   A separate Order shall be entered in accordance with the opinion set forth above.

 

 May 11, 2005                                                                                   /s/
Date                                                                                    Catherine C. Blake
                                                                                         United States District Court Judge

---

[1]  Of course, this provision does not preclude an inmate from prepaying the full $250.00 fee to refile claims previously rejected under § 1915(g) or to file future civil actions.